IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION

| | | |
|---|---|---|
| ANGEL GARCIA, | : | |
| *Plaintiff* | : | |
| | : | |
| vs. | : | No. 07-5368 |
| | : | |
| MATTHEW D. LEDDY, *et. al.*, | : | |
| *Defendants* | : | |

___

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS LEDDY, TREMBLEY, MANN, SCHOFE, AND SMITH'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

___

**I.   INTRODUCTION:**

On December 27, 2007, Angel Garcia, Plaintiff, brought an action against Defendants, six police officers of the Columbia Police Department and a detective with the Lancaster County Drug Task Force, pursuant to 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the Constitution and Laws of the Commonwealth of Pennsylvania.  Plaintiff seeks damages resulting from Defendants' excessive use of force during his arrest on December 20, 2005.

On February 21, 2005, Defendant Macey individually filed a Motion to Dismiss together with a Memorandum of Law in support thereof.  The other Defendants filed a Motion to Dismiss and Memorandum of Law in support thereof.  Accordingly, Plaintiff filed separate Responses to Defendants' Motions in addition to Memorandums of Law in Opposition to Defendants' Motions.

## II.     LEGAL STANDARD:

### A.     Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6):

When considering a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6) the Court must accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them. Dismissal under Rule 12(b)(6) is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved." *Jackson v. Baddick*, 2004 U.S. Dist. LEXIS 15154 (E.D. Pa. 2004)(quoting *Markowitz v. Northeast Land Co.*, 906 F.2d 100 (3d Cr. 1990)). For this reason, courts strongly disfavor Rule 12(b)(6) motions. *Melo-Sonics Corp. v. Cropp*, 342 F.2d 856 (3d Cir. 1965); *Kuromiya v. United States*, 37 F. Supp. 2d 717 (E.D. Pa. 1999). Courts will only dismiss a complaint if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Jackson v. Baddick*, 2004 U.S. Dist. LEXIS 15154 (E.D. Pa. 2004)(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)).

In considering a Motion to dismiss under Rule 12(b)(6), a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the Plaintiff. *Carino v. Stefan*, 376 F.3d 156 (3d. Cir. 2004); *Montayne v. Wissahickon Sch. Dist.*, 327 F. Supp. 2d 510 (E.D. Pa. 2004). The question is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Nami v. Fauver*, 82 F.3d (3d Cir. 1996). The Court must determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief. *Holder v. City of Allentown*, 987 F.2d 188 (3d Cir. 1993). The complaint will be deemed to allege sufficient facts if it is adequate to put the

proper defendants on notice of the essential elements of plaintiffs' cause of action.  *Ash v. Philadelphia Prison System, et. al.*, 2004 U.S. Dist. LEXIS 26056 (E.D. Pa. 2004)(citation omitted).  The moving party has the burden of persuasion.  *Ash*, supra (citing *Kehr Packages, Inc. v. Fidelcor, Inc*., 926 F.2d 1406 (3d Cir. 1991)).

In addition, Federal Rule of Civil Procedure 8(a)(2) sets forth the liberal notice pleading requirements in the federal courts and requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Generally, in federal civil cases, a claimant does not have to set out in detail the facts upon which a claim is based, but must merely provide a statement sufficient to put the opposing party on notice of the claim." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001).  The same liberal notice pleading requirements apply to § 1983 civil rights cases as to all other cases filed in federal court.  *Leatherman v. Tarrant County*, 507 U.S. 163, 167-68 (1993).  Specifically, the Third Circuit has held that a civil rights complaint is adequate if it states the conduct, time, place, and persons responsible for the alleged violation. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Accordingly, Plaintiff sufficiently states claims for excessive force and failure to intervene pursuant to the notice pleading requirements set forth in Federal Rule of Civil Procedure 8(a)(2) and, therefore, states claims upon which relief can be granted under 42 U.S.C. §1983.

IV.     ARGUMENTS:

      A.     **Plaintiff Does Not Seek a *Monell*[1] Claim**

Plaintiff seeks to impose personal liability upon Officers Leddy, Trembly, Mann Schofe, and Smith, government officials for actions they took under color of state law, in their individual capacities. *See* (Complaint, ¶ 12). The Section 1983 claims for damages against Defendants in their individual capacities, therefore, are not barred in this regard. **Kentucky v. Graham**, 473 U.S. 159, 165 (1985). Accordingly, Punitive damages are also available in a suit against Defendants as officials in their individual capacities for the actions they took under color of state law. **Kentucky v. Graham**, 473 U.S. 159, 166 (citing **Smith v. Wade**, 461 U.S. 30 (1983)); **Keenan v. City of Philadelphia**, 983 F.2d 459 (3d Cir. 1992).

      B.     **Plaintiff is Not Making an Eighth Amendment Claim**

With regard to Defendant's assertion appearing via Fed. R. Civ. P. 10(c) in paragraph 2 of the additional Defendants' Motion, *i.e.*, Plaintiff fails to state "cruel and unusual punishment or failure to protect claims under the Eighth Amendment", Plaintiff does not assert an Eight Amendment Claim despite the language "cruel and unusual punishment" appearing in Plaintiff's Complaint. (Complaint, ¶¶ 26, 36).

The phrase "failure to protect," appearing in Plaintiff's case is used in the specific context of Plaintiff's properly stated claim for failure to intervene under §1983. *See* (Complaint, ¶¶ 2, 30-33, 36, 38). An officer can be held liable under §1983 for failing to intervene when a

---

[1] ***Monell v. New York City Dept. of Social Services***, 436 U.S. 658 (1978).

4

constitutional violation occurs in his presence. See *Smith v. Mensinger*, 293 F.3d 641, 650-52 (3d Cir. 2002) (if a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation takes place in his presence, the officer is directly liable under Section 1983). A police officer has a duty to intervene if he had knowledge of and acquiesced in a § 1983 violation. See *Mensinger*, 293 F.3d at 650-51; *Baker v. Monroe Township*, 50 F.3d 1186 (3d Cir. 1995); See also *Hammock v. Borough of Upper Darby*, 2007 U.S. Dist. LEXIS 80493 (E.D. Pa. 2007)(discussing *Smith's* applicability in a Fourth Amendment excessive force case). Such officer "cannot escape liability by turning either a blind eye or deaf ear to the illegal conduct of [his] colleagues." *Mensinger*, 293 F.3d at 652.

    **C.**    <u>**Plaintiff Withdraws Fourteenth Amendment Claim(s)**</u>

Because claims of excessive force should be analyzed under the Fourth Amendment and its reasonableness standard rather than under a substantive due process Fourteenth Amendment approach, Plaintiff withdraws claims for excessive force pursuant to the Fourteenth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Plaintiff, however, sufficiently states a claim for excessive force pursuant to the Fourth Amendment. A Fourth Amendment claim is sufficiently alleged when the complaint avers that the individual defendant police officers used excessive force with the plaintiff. *Thomas v. Independence Township*, 463 F.3d 285 (3d Cir. 2006).

    **D.**    <u>**Plaintiff Is Not Pursuing Claims for False Arrest/Imprisonment and/or Malicious Prosecution**</u>

Although Plaintiff states, "defendant police officers had no warrant for the arrest of the

plaintiff and no probable cause for the arrest of plaintiff," (Complaint, ¶ 20) Plaintiff does not state a claim for false arrest/imprisonment and/or malicious prosecution.

### E. Plaintiff's State Law Claims

Plaintiff's claims brought pursuant to the laws and Constitution of Pennsylvania should not be dismissed. There is no immunity for officials who cause injury through "willful misconduct." 42 Pa.C.S.A. § 8550; See **DeBellis v. Kulp**, 166 F. Supp. 2d 255, 279 (E.D. Pa. 2001); **Hill v. Borough of Swarthmore**, 4 F. Supp. 2d 395, 397 (E.D. Pa. 1998).

### V. CONCLUSION:

Based on the foregoing, Plaintiff respectfully requests that the Complaint not be dismissed with regard to Plaintiff's Fourth Amendment claims of excessive force and failure to intervene against Defendants Leddy, Trembly, Mann, Schofe and Smith in their individual capacities, claims for punitive damages, and state law claims.

                                    Respectfully submitted,

                                    CRYSTLE, ALLEN & BRAUGHT, LLC


                            BY:     S/KCA5567
                                    Kevin C. Allen, Esquire
                                    Attorney for Angel Garcia
                                    I.D. Number 55232
                                    143 North Duke Street
                                    Lancaster, PA 17602
                                    (717) 393 - 0600

DATE: March 6, 2008